AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Western District of Washington |
|---|---|

| Name (under which you were convicted):<br><br>Bradley David Knox | Docket or Case No.: |
|---|---|

| Place of Confinement :<br>Washington Corrections Center, Shelton, Washington | Prisoner No.:<br><br>266401 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>Bradley David Knox | v. | Respondent (authorized person having custody of petitioner)<br><br>Daniel W. White, Superintendent of Washington Corrections Center |
|---|---|---|

| The Attorney General of the State of: Washington |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Cowlitz County Superior Court, Kelso, Washington

    (b) Criminal docket or case number (if you know): 14-1-00095-0 & ~~14-1-01283-4~~

2.  (a) Date of the judgment of conviction (if you know): 12/24/2015

    (b) Date of sentencing: 12/24/2015

3.  Length of sentence: 156 months/~~300 months~~ concurrent

4.  In this case, were you convicted on more than one count or of more than one crime? ☑ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    14-1-00095-0 -- VUCSA (Possession with Intent to Delivery, Meth), school zone & firearm enhancement

    Unlawful possession of a firearm in the first degree -- two counts

    Bail jumping

    ~~14-1-01283-4 -- Solicitation to commit murder in the first degree~~

    NOTE: these two cases were joined for trial, for direct appeal and for collateral attack in a

    Washington State courts. Petitioner is filing two petitions, one for each cause number.

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty             ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    Washington State Court of Appeals

(b) Docket or case number (if you know):    COA No. 48473-1-II (consolidated with 48476-5-II)

(c) Result:    affirmed

(d) Date of result (if you know):    06/13/2017

(e) Citation to the case (if you know):    199 Wn. App. 1027 (unpub.)

(f) Grounds raised:    Denial of right to a public trial and open courts under

U.S. Const. amends. I, VI and XIV and Wash. Const. art. I, secs. 10 and 22.

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    Washington State Supreme Court

(2) Docket or case number (if you know):    94885-2

(3) Result:    Petition for Review denied

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     12/06/2017

(5) Citation to the case (if you know):     189 Wn.2d 1027, 406 P.3d 630 (2017)

(6) Grounds raised:

Violation of open courts and public trial rights under U.S. Const. amends. I, VI and XIV and

Wash. Const. art. I, secs. 10 and 22

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Washington State Court of Appeals, Division Two

(2) Docket or case number (if you know):     52971-8-II

(3) Date of filing (if you know):     12/05/2018

(4) Nature of the proceeding:     Personal Restraint Petition

(5) Grounds raised:     See Appendix A for a listing of all issues raised in the state post-conviction

proceedings

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Petition denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):   04/28/2020

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ❏ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:     ☑ Yes     ☐ No

(2)  Second petition:   ☐ Yes     ☐ No

(3)  Third petition:    ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    See Appendix B for a list of all grounds raised in this proceeding

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   All of the facts were not developed

in the record of the direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Personal Restraint Petition

Name and location of the court where the motion or petition was filed:   Washington State Court of Appeals

Division Two, Tacoma, Washington

Docket or case number (if you know):   52971-8-II (13 Wn. App. 2d 1042)

Date of the court's decision:   04/28/2020

Result (attach a copy of the court's opinion or order, if available):   Petition dismissed

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Washington State Supreme Court

Olympia, Washington

Docket or case number (if you know):   98603-7

Date of the court's decision:   11/23/2020

Result (attach a copy of the court's opinion or order, if available):   Review denied

Motion to modify filed and motion denied on February 3, 2021.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:**      See attached App. B

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached App. B

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☑  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Facts were not developed in the record

of the direct appeal

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Personal Restraint Petition

Name and location of the court where the motion or petition was filed:   Washington State Court of Appeals

Division Two, Tacoma, Washington

Docket or case number (if you know):   52971-8-II (13 Wn. App. 2d 1042)

AO 241 (Rev. 09/17)

Date of the court's decision:  04/28/2020

Result (attach a copy of the court's opinion or order, if available):  Petition dismissed

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Washington State Supreme Court

Olympia, Washington

Docket or case number (if you know):  98603-7

Date of the court's decision:  11/23/2020

Result (attach a copy of the court's opinion or order, if available):  Review denied

Motion to modify filed and motion denied on February 3, 2021.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**  See Appendix B

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Appendix B

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    All the facts were not

developed in the trial record

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Personal Restraint Petition

Name and location of the court where the motion or petition was filed:    Washington State Court of Appeals

Division Two, Tacoma, Washington

Docket or case number (if you know):    52971-8-II (13 Wn. App. 2d 1042)

Date of the court's decision:    04/28/2020

Result (attach a copy of the court's opinion or order, if available):    PRP dismissed.

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Washington State Supreme Court

Olympia, Washington

Docket or case number (if you know):    98603-7

Date of the court's decision:    11/23/2020

Result (attach a copy of the court's opinion or order, if available):    Motion for discretionary review

denied.  Motion to modify denied on February 3, 2021.

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   See Appendix B

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Appendix B

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:   All of the facts were not developed in

the trial record.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Personal Restraint Petition

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:   Washington State Court of Appeals

Division Two, Tacoma, Washington

Docket or case number (if you know):   52971-8-II (13 Wn. App. 2d 1042)

Date of the court's decision:   04/28/2020

Result (attach a copy of the court's opinion or order, if available):   Petition dismissed

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Washington State Supreme Court

Olympia, Washington

Docket or case number (if you know):   98603-7

Date of the court's decision:   11/23/2020

Result (attach a copy of the court's opinion or order, if available):   Review denied.  Motion to modify denied

on Feb. 3, 2021.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

Please see Appendix B for Grounds 5, 6, 7 and 8

Page 12 of 16

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☑ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

N/A  All claims have been exhausted_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?      ☐  Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?      ☐  Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea:   Joshua Baldwin, 1700 Hudson St Ste 300 Longview, WA 98632

Kevin Blondin, 1408 16th Ave Longview, WA 98632 & and numerous other lawyers at public defenders

(c) At trial:   Simmie Baer, PO Box 1657 Castle Rock, WA 98611

(d) At sentencing:   Simmie Baer, PO Box 1657 Castle Rock, WA 98611

(e) On appeal:   Lisa Tabbut, PO Box 1319 Winthrop, WA 98862

(f) In any post-conviction proceeding:   Neil Fox, 2125 Western Ave. Suite 330, Seattle WA 98121

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

Neil Fox, 2125 Western Ave. Suite 330, Seattle WA 98121

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes    ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely.  The one year time of 28 U.S.C. § 2244(d) began running 90 days after the

WA Supreme Court denied review of the direct appeal (on 12/6/17). Thus the time limit was one year

from 3/7/2018.  Mr. Knox filed a timely state post-conviction petition on 12/5/18, which was pending

until the certificate of finality issued in the state PRP on 3/18/21, with 92 days remaining on the federal

time limit.  This petition is being filed within that time.

AO 241 (Rev. 09/17)

Please note that Mr. Knox actually filed two identical PRPs in the Court of Appeals, 52971-8-II

and 53021-0-II, but the Court of Appeals closed the latter file and assigned both PRPs to one case #

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   vacate the two judgments and sentences, and

order respondent to release Mr. Knox from custody.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

*Neil M. Fox   WSBA No 15272*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

*See attached*
*Verification*

Executed (signed) on   *14 April 2021*   (date).

_____
*Neil M. Fox WSBA No 15272*
Signature of Petitioner *attorney*

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

I represent Mr. Knox as his lawyer; he is incarcerated and it is difficult with COVID-19 for him to obtain a copy of

final petition and sign it and return it to me. He has authorized and requested me to file this on his behalf.  I am

attaching his verfication of an earlier version of this petition that lacked final dates of the state court

post-conviction petition's procedural history. I made a few additional minor changes to the final version.

*Bradley David Knox v. Daniel W. White*

**Appendix A**

**P. 4, Section 11(a)(5)**

**Grounds Raised in State Court Post-Conviction Proceeding**

　　**CLAIM 1**.  Mr. Knox's rights to due process of law under the Fourteenth Amendment to the United States Constitution, article I, section 3, of the Washington Constitution, and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), were violated when the State did not disclose to the defense impeachment evidence related to informant and main State's witness Otis Pippen and exculpatory evidence related to Cassandra Crimmins' connections to 909 California Way.  The failure to disclose evidence also violated Mr. Knox's right to confront witnesses guaranteed by the Confrontation Clauses of the Sixth Amendment (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment) and article I, section 22.

　　**CLAIM 2**.  Mr. Knox was denied the right to counsel at trial in violation of the Sixth Amendment to the United States Constitution (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment) and article I, sections 3 and 22 of the Washington Constitution.  This denial of the right to counsel is based on two prongs:

　　**A.**　　Multiple actual conflicts of interest in this case adversely affected trial counsel's (Simmie Baer of the Cowlitz County Office of Public Defense ("CCOPD")) performance, including the joint representation of Mr. Knox with the "other suspects" in the drug case, Christian Sullivan and Robert Tubbs, and the web of conflicting representation between the CCOPD, its conflict attorneys and Mr. Knox, Mr. Sullivan Robert Tubbs, Steven Walker, Otis Pippen and Ms. Crimmins.

　　**B.**　　Simmie Baer's performance as Mr. Knox's attorney fell below prevailing professional norms and caused Mr. Knox actual prejudice.  The deficient performance and prejudice were caused by Ms. Baer's failure to discover through her own investigation Mr. Pippen's true criminal history, particularly his twenty-year history of allegations of sex offenses continuing until 2015, the failure

1

to discover that Ms. Crimmins stored property at 909 California Way, the failure to move to disqualify the Cowlitz County Prosecuting Attorney's Office, the failure to move to recuse Judge Michael Evans or file an affidavit of prejudice against him (as he had previously represented the informant, Mr. Pippen), and the failure to propose a "true threat" instruction related to the solicitation charge or except to the failure to give one.  Although Ms. Baer did diligently try to locate Ms. Crimmins before trial, because the trial judge found that she had not used due diligence, Mr. Knox also claimed that Ms. Baer was ineffective in this regard as well.

**CLAIM 3.**  The Cowlitz County Prosecuting Attorney's Office should have been disqualified from this case, and the fact that it prosecuted Mr. Knox violated his right to due process of law, protected by the Fourteenth Amendment and article I, section 3.

**CLAIM 4**.  Mr. Knox was denied the right to a neutral judge, in violation of due process, protected by the Fourteenth Amendment and article I, section 3, where the judge in his case had been Mr. Pippen's attorney.

**CLAIM 5.**  Mr. Knox's rights to freedom of speech and due process of law, protected by the First and Fourteenth Amendments and article I, sections 3 and 5, were violated by the failure of RCW 9A.28.030 and the jury instructions to include a requirement that Mr. Knox made a "true threat" of bodily harm.  Either RCW 9A.28.030 is unconstitutional, or Instruction No. 26 and Instruction No. 32 were erroneous due to their failure to include a "true threat" requirement.

**CLAIM 6.**  Mr. Knox's right to due process of law and right to confront witnesses, protected by the Sixth and Fourteenth Amendments and article I, sections 3 and 22, were violated by the State's failure to tie up its impeachment of Knox's testimony when (a) he denied paying Ms. Crimmins $8000, (b) he denied that Mr. Walker had bought a truck with the money, (c) he denied knowledge of his attorney announcing that Crimmins would be a witness and (d) he denied that Crimmins had failed to appear.

**CLAIM 7.**  There was insufficient evidence to sustain a conviction for possession of methamphetamine with intent to deliver, and conviction for that count violated due process of law under the Fourteenth Amendment and article I, section 3.

2

**CLAIM 8.**   Mr. Knox was denied effective assistance of counsel on direct appeal in violation of the due process clauses of the Fourteenth Amendment and article I, section 3, and the right to an appeal and right to effective assistance of counsel for that appeal, protected by the Sixth and Fourteenth Amendments and article I, sections 3 and 22.   Mr. Knox's lawyer should have raised as issues on appeal (1) the lack of a "true threat" instruction and the ineffectiveness of trial counsel for not proposing one or excepting to the failure to give one, (2) the failure to grant a new trial based upon the discovery of Cassandra Crimmins' declaration and testimony after trial, (3) the State's failure to tie up its impeachment of Mr. Knox, and (4) insufficient evidence to support a conviction for possession of methamphetamine with intent to deliver it.

**CLAIM 9.**   The cumulative effect of all of these errors violated Mr. Knox's right to a fair jury trial and due process of law, protected under the Sixth and Fourteenth Amendments and article I, sections 3, 21 and 22, which should result in the vacation of all counts.

*Bradley David Knox v. Daniel W. White*

**Appendix B**
P. 6, Section 12

**Ground One**

Mr. Knox's rights to due process of law under the Fourteenth Amendment to the United States Constitution and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), were violated when the State did not disclose to the defense impeachment evidence related to Otis Pippen, the main witness in the solicitation count. The failure to disclose evidence also violated Mr. Knox's right to confront witnesses guaranteed by the Confrontation Clause of the Sixth Amendment (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment).

*Supporting Facts*

The main witness against Mr. Knox at trial in the solicitation to commit first degree murder count was Otis Pippen, an informant for the police. His credibility and biases were key issues in the case. The State did not disclose information to Mr. Knox's lawyers about Mr. Pippen's pending and past criminal history including information that Pippen was a suspect in two pending sexual assault cases, one against an adult woman in January 2014 (where the main investigating police officer was Pippen's handler and the main detective in the cases against Mr. Knox), and one against a young girl in January 2015 where the prosecutor who declined to file charges against Mr. Pippen was the lawyer who had recently represented Pippen when he wanted to reach a deal and inform on Mr. Knox. Additionally, the State failed to disclose evidence related to Mr. Pippen's multiple other sexual assault cases dating back two decades, failed to disclose that Pippen admitted violating his personal recognizance release obtained after informing on Mr. Knox, and failed to disclose other favorable treatment given to him.

**Ground Two**

The Cowlitz County Prosecuting Attorney's Office should have been disqualified from this case, and the fact that it prosecuted Mr. Knox violated Knox's right to due process of law protected by the Fourteenth Amendment.

4

*Supporting Facts*

The main witness against Mr. Knox in the solicitation case was Otis Pippen. Mr. Pippen's lawyer at the time he decided to inform on Mr. Knox in exchange for a deal was Thomas Ladouceur who at the time worked for Cowlitz County Office of Public Defense ("CCOPD"), the same public defender office that represented Mr. Knox. Another suspect in the drug case against Mr. Knox was Robert Tubbs. For a period of time in 2014, Mr. Tubbs' lawyer was Ryan Jurvakainen who also worked at the CCOPD. This public defender agency did not have regular screening mechanisms in place.

In November 2014, Mr. Jurvakainen was elected to be the Cowlitz County Prosecuting Attorney. He hired Mr. Ladouceur to be his chief criminal deputy. In January 2015, one of Mr. Ladouceur's first cases as the chief criminal deputy of Mr. Jurvakainen's office was a sexual assault allegation against his former client, Mr. Pippen. Mr. Ladouceur participated in the investigation and observed the forensic interview with the victim. Mr. Ladouceur did not file charges against his former client, Mr. Pippen, and did not disclose the sexual assault investigation to Mr. Knox's lawyers. Although Mr. Ladouceur claimed to have screened himself from Mr. Knox's cases, he did not screen himself from Mr. Pippen's cases, and Mr. Jurvakainen did not screen himself from Mr. Knox's drug case (the one where he had a conflict). Additionally, although Mr. Jurvakainen claimed to screen himself from Mr. Knox's solicitation case, pleadings continued to be filed Mr. Jurvakainen's name.

## Ground Three

Mr. Knox was denied the right to counsel in violation of the Sixth Amendment to the United States Constitution (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment) based on multiple actual conflicts of interest.

*Supporting Facts*

The Cowlitz County Office of Public Defense and the small number of conflict attorneys that have a contract with it represented many people involved in this case – two of the supposed victims in the solicitation to commit murder case (Cassandra Crimmins and Steven Walker), and other suspects in the drug case

(including Robert Tubbs and Christian Sullivan).  There was no regular screening mechanism in place at CCOPD to erect a "wall" between lawyers who represented people with competing interests.  Mr. Knox never signed a conflict waiver, and his lawyers never explained to him issues related to joint representation with Mr. Sullivan, in particular. The lawyers often appeared in court for each other and thus Mr. Sullivan's lawyer appeared in court with Mr. Knox and vis-a-versa.  Further, Mr. Knox's conflict lawyer for much of 2014 was Kevin Blondin, who later represented Ms. Crimmins and Mr. Pippen.

## Ground Four

Mr. Knox was denied the right to a neutral judge, in violation of due process, protected by the Fourteenth Amendment.

### *Supporting Facts*

The judge who oversaw Mr. Knox's trial was the Hon. Michael Evans.  He had previously represented Otis Pippen, the informant and main witness against Mr. Knox.

## Ground Five

Mr. Knox's rights to freedom of speech protected by the First Amendment (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment) and due process of law protected by the Fourteenth Amendment were violated by failure of the jury instructions for solicitation to commit murder to include a "true threat" requirement.

### *Supporting Facts*

Mr. Knox was convicted of solicitation to commit murder based on statements he allegedly made to Otis Pippen at the jail.  Mr. Knox put on a diminished capacity defense. The jury instructions provided to the jury (# 26 & 32) failed to require that a reasonable person would construe Knox's statements as a serious expression of intent to inflict bodily harm upon or take the life of another person.

### *Direct Appeal*

Mr. Knox did not raise this issue on direct appeal.  In his Personal Restraint Petition, he challenged his conviction based on ineffective assistance of counsel by his appellate lawyer who failed to raise this issue on direct appeal.

### *Post Conviction Proceedings*

Mr. Knox raised this issue in a post-conviction petition, a Personal Restraint Petition, filed in the Washington State Court of Appeals, Division Two, in Tacoma Washington.  The case number was 52971-8-II (13 Wn. App. 2d 1042).  The Court of Appeals dismissed the petition on April 28, 2020. Mr. Knox did not receive a hearing on the petition. He appealed (filed a motion for discretionary review) the denial of the PRP and raised this issue in that appeal.  He filed the motion for review to the Washington State Supreme Court in Olympia, Washington.  The case number was 98603-7.  The Supreme Court Commissioner denied review on November 23, 2020.  Mr. Knox moved to modify but the Supreme Court denied the motion to modify on February 3, 2021.

## Ground Six

Mr. Knox's right to confront witnesses protected by the Sixth Amendment (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment) and his right to due process of law under the Fourteenth Amendment were violated by the State's failure to tie up its impeachment of Knox's testimony.

### *Supporting Facts*

When cross-examining Mr. Knox, the State claimed Knox paid Cassandra Crimmins $8,000, that his attorney announced that Crimmins would be called as a witness, and that Crimmins failed to appear to testify. Mr. Knox denied these facts, but the State never proved up the impeachment with evidence to support its questioning of Mr. Knox

### *Direct Appeal*

Mr. Knox did not raise this issue on direct appeal.  In his Personal Restraint

Petition, he challenged his conviction based on ineffective assistance of counsel by his appellate lawyer who failed to raise this issue on direct appeal.

### *Post Conviction Proceedings*

Mr. Knox raised this issue in a post-conviction petition, a Personal Restraint Petition, filed in the Washington State Court of Appeals, Division Two, in Tacoma Washington.  The case number was 52971-8-II (13 Wn. App. 2d 1042).  The Court of Appeals dismissed the petition on April 28, 2020. Mr. Knox did not receive a hearing on the petition. He appealed (filed a motion for discretionary review) the denial of the PRP and raised this issue in that appeal.  He filed the motion for review to the Washington State Supreme Court in Olympia, Washington.  The case number was 98603-7.  The Supreme Court Commissioner denied review on November 23, 2020.  Mr. Knox moved to modify but the Supreme Court denied the motion to modify on February 3, 2021.

## Ground Seven

Mr. Knox was denied effective assistance of counsel at trial and on appeal in violation of the right to counsel provisions of the Sixth Amendment (as applied to the states through the Due Process and Privilege and Immunities Clauses of the Fourteenth Amendment) and due process provisions of the Fourteenth Amendment.

### *Supporting Facts*

Trial counsel, Ms. Baer, was not only conflicted because her officer represented other suspects in the drug case and represented witnesses in the solicitation case, but she also failed to uncover Mr. Pippen's background, she did not move to disqualify the prosecutor's office, she did not find out the judge had been Pippen's lawyer and failed to try to disqualify him, she failed to subpoena Ms. Crimmins or investigate her connection to the trailer where the VUCSA charge took place, and failed to request a "true threat" instruction. On appeal, Knox's lawyer, Ms. Tabbut, did not raise issues related to the "true threat" instruction, the denial of the new trial motion based on Ms. Baer's failure to subpoena Crimmins, or the failure of the State to tie up its impeachment of Mr. Knox by introducing evidence to support its questions.

### *Direct Appeal*

Mr. Knox did not raise this issue on direct appeal, either because the record was not developed or because his appellate counsel was ineffective.

### *Post Conviction Proceedings*

Mr. Knox raised this issue in a post-conviction petition, a Personal Restraint Petition, filed in the Washington State Court of Appeals, Division Two, in Tacoma Washington.  The case number was 52971-8-II (13 Wn. App. 2d 1042).  The Court of Appeals dismissed the petition on April 28, 2020. Mr. Knox did not receive a hearing on the petition. He appealed (filed a motion for discretionary review) the denial of the PRP and raised this issue in that appeal.  He filed the motion for review to the Washington State Supreme Court in Olympia, Washington.  The case number was 98603-7.  The Supreme Court Commissioner denied review on November 23, 2020.  Mr. Knox moved to modify but the Supreme Court denied the motion to modify on February 3, 2021.

## Ground Eight

Cumulative error denied a fair jury trial and due process of law in violation of the Sixth and Fourteenth Amendments.

### *Supporting Facts*

There were multiple constitutional errors in this case – *Brady* violations, defense counsels' conflicts of interest and ineffectiveness at trial and on appeal, a conflicted prosecutor's office, the judge's past representation of Pippen, no "true threat" instructions, and the failure to tie up impeachment.

### *Direct Appeal*

Mr. Knox did not raise this issue on direct appeal, either because the record was not developed or because his appellate counsel was ineffective.

### *Post Conviction Proceedings*

Mr. Knox raised this issue in a post-conviction petition, a Personal Restraint

Petition, filed in the Washington State Court of Appeals, Division Two, in Tacoma Washington.  The case number was 52971-8-II (13 Wn. App. 2d 1042).  The Court of Appeals dismissed the petition on April 28, 2020. Mr. Knox did not receive a hearing on the petition. He appealed (filed a motion for discretionary review) the denial of the PRP and raised this issue in that appeal.  He filed the motion for review to the Washington State Supreme Court in Olympia, Washington.  The case number was 98603-7.  The Supreme Court Commissioner denied review on November 23, 2020.  Mr. Knox moved to modify but the Supreme Court denied the motion to modify on February 3, 2021.

*Verification of Counsel*

I, Neil M. Fox, hereby verify that I am the attorney for Bradley David Knox.

I have filed the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a

Person in State Custody in this case on behalf of Mr. Knox at his request.  I verify

this petition and memorandum and know that the facts set forth in the petition and

accompanying memorandum are true, either from my own personal knowledge or,

upon information and belief, based upon all the facts brought out in the state court

proceedings.

I certify or declare under penalty of perjury that the foregoing is true and
correct.

This 14th day of April 2021, Seattle, WA

_____
NEIL M. FOX
WSBA NO. 15277
Attorney for Petitioner

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    vacate the two judgments and sentences, and

order respondent to release Mr. Knox from custody.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   *X Feb 5-2021* (date).

*Bradley D. Knox*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. I represent Mr. Knox as his lawyer; he is incarcerated and it is difficult with COVID-19 for him to obtain a copy of final petition and sign it and return it to me. He has authorized and requested me to file this on his behalf.